## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIKE S. W. OCHIENO,

      Plaintiff,

v.                                                         No. 1:20-cv-00417-RB-JFR

SANDIA NATIONAL LABORATORIES,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff Mike Ochieno's Amended Second Notice of Appeal and Complaint for Discrimination, Breach of Implied Contract, Intention[al] Interference with Contractactual [sic] Relations and Wrongful Termination, filed June 22, 2020 (Doc. 8) ("Response to Order to Show Cause") and Plaintiff's Amended Second Notice of Appeal and Complaint for Discrimination, Breach of Implied Contract, Intention[al] Interference with Contractactual [sic] Relations and Wrongful Termination, filed June 22, 2020 (Doc. 9) ("Second Amended Complaint").

The Court notified Plaintiff that his Amended Complaint failed to state claims for racial discrimination and for violations of the Americans with Disabilities Act. (*See* Doc. 7 at 1–2.) The Court also noted that Plaintiff asserts claims and alleges facts similar to those in a previous case that Plaintiff brought against Defendant Sandia National Laboratories that the Court dismissed with prejudice. *See Ochieno v. Sandia Nat'l Labs.*, No. 1:18-cv-00197-KG-KRS. The Court granted Plaintiff leave to file a second amended complaint and ordered Plaintiff to show cause why this case should not be dismissed as barred by the doctrine of res judicata and the statute of limitations. (Doc. 7.) The Court notified Plaintiff that failure to timely file a second amended complaint or to show cause may result in dismissal of this case. (*Id.* at 4.) Plaintiff did not timely

file a second amended complaint or show cause by the June 16, 2020, deadline. Instead, Plaintiff filed his Second Amended Complaint and his Response to the Order to Show Cause on June 22, 2019. (Docs. 8; 9.)

Plaintiff has not shown cause why the Court should not dismiss this case as barred by the doctrine of res judicata based on the dismissal with prejudice of the previous case. The Order to Show Cause notified Plaintiff that:

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.
>
> *Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

(Doc. 7 at 3.) Plaintiff does not dispute: (i) that there is a final judgment in his previous case; (ii) the identity of the parties or the causes of action in his two case are the same; or (iii) that he had a full and fair opportunity to litigate his claims in his previous case.

Plaintiff has not shown cause why his claims should not be dismissed as barred by the statute of limitations. The events complained of in the Amended Complaint and the Second Amended Complaint occurred during Plaintiff's employment with Defendant in 2013–2016. The statute of limitations for the causes of action asserted in the Amended Complaint and the Second Amended Complaint is three years. *See Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993) ("No federal statute of limitations is expressly provided for civil rights claims

brought under" 42 U.S.C. §§ 1981, 1983 and 2000d. "However, Congress has directed the courts to look to state law in civil rights cases where federal law is 'deficient in the provisions necessary to furnish suitable remedies'") (quotation omitted); *Rhodes v. Langston Univ.*, 462 F. App'x. 773, 780 n.6 (10th Cir. 2011) ("Since . . . the ADA [does not] set forth a statute of limitations, the [state] statute of limitations applies"); N.M.S.A. 37-1-8 ("Actions must be brought . . . for an injury to the person . . . within three years"). Plaintiff states:

> The cause of asserted action should not be dismissed as barred by the statute of limitation. Being a minority with less reflection in the judiciary system. I look at the judiciary institution a being my only last solution. I was discriminated, harassed, retaliated against, terminated, my account was compromised, I believe by the acting manager with support of the 1st manager, and second manager. In summer 2019 In summer 2019, I experienced cyber bull[y]ing, that was after the case was dismissed as I did get to learn about it during summer, Year 2019. I believe this is the work of former acting manager, Former manager No. 1 and former manager No. 2.

(Doc. 8 at 5.) Plaintiff does not dispute that the statute of limitations is three years and does not offer any legal argument why the statute of limitations should be tolled. (*See id.*) While Plaintiff asserts that he was cyber-bullied in 2019, there are no such allegations in his Second Amended Complaint and such allegations would not toll the statute of limitations for the other claims.

The Court dismisses this case as barred by the doctrine of *res judicata* and by the statute of limitations.

**IT IS ORDERED** that this case is **DISMISSED with prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE